OLYMPIC ADHESIVES, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 83–10–01441

OPINION AND ORDER

(Decided June 17, 1988)

*Sharrets, Paley, Carter & Blauvelt, P.C. (Gail T. Cumins)* for the plaintiff.

*John R. Bolton,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*J. Kevin Horgan*) for defendant.

## BACKGROUND

MUSGRAVE, *Judge:* On September 9, 1985 the Commerce Department, International Trade Administration (ITA) published its Final Results of an Administrative Review of an Antidumping Finding on Animal Glue and Inedible Gelatin from Sweden, 48 Fed. Reg. 40769–70. The administrative record from that review was originally filed with the Court on January 5, 1984. On April 25, 1985 plaintiff filed a Rule 56.1 Motion for Review Upon the Administrative Record. Defendant subsequently realized, in reviewing the record, that certain documents had not been included in the record previously filed. On May 16, 1985 defendant sent to the Court two documents for insertion in the administrative record. Plaintiff moves to exclude these two documents from the record.

## DISCUSSION

19 U.S.C. 1516a(b)(2)(A) states what shall be included in the record for review in an antidumping action.

(2) Record for review—

(A) In general—For purposes of this subsection, unless otherwise stipulated by the parties, shall consist of—

(i) a copy of all information presented to or obtained by the Secretary, the administering authority, or the Commission during the course of the administrative proceedings, including all governmental memoranda pertaining to the case and the record of ex parte meetings * * * and

(ii) a copy of the determination, all transcripts or records of conferences or hearings, and all notices published in the Federal Register.

In *PPG Industries, Inc.* v. *U.S.*, 5 CIT 282 (1983) this Court clearly stated that the administrative record for review in an antidumping action

"consists of all information presented to or obtained by the Authority during the course of the proceeding and includes all government memoranda presented to the person responsible for making a determination, or on which such person relied in making the determination.

Thus, any data or memoranda not presented to, obtained by, considered or relied upon by the [the authority] * * * are not part of the record * * *"

The first document which plaintiff seeks to exclude is a questionnaire response originally submitted by Extraco, A.B., the exporter of the animal glue, during the course of a previous administrative review of a dumping finding covering animal glue from Sweden. On the first page of this document is a handwritten note. Plaintiff alleges that the note neither identifies the author nor the date of notation and contends that because the document is not properly au-

thenticated it should not be placed in the record. Defendant, however, points out that the document, including the note, is referred to in a memorandum prepared by the case analyst who conducted the administrative review which is the subject of this action. This memo appears in the record originally filed with the Court, and indicates that the document in question, as well as the note, were relied upon by the case analyst during the course of the proceeding. Plaintiff does not dispute this contention. Thus, as defendant points out, while plaintiff's objection may have some bearing on the evidentiary weight to be accorded the document, it does not serve as a basis for excluding it from the record. *See,* § 1516a(b)(2)(A)(i).

The second document in question is a memorandum dated September 26, 1983 from an ITA case handler. The determination under review consists of a decision published in the Federal Register on September 9, 1983 (48 Fed. Reg. 40769–70). Plaintiff correctly contends that as a matter of law, this memorandum cannot be placed in the record as it could not have been presented to or obtained by the Authority during the course of the proceeding. Defendant does not object to the exclusion of this memorandum from the administrative record.

Defendant does object, however, to the exclusion of the attachments to the memorandum, alleging that all but one of the attachments appear elsewhere in the record already, and that all of the attachments were presented to or obtained by the agency during the administrative proceeding. This clearly provides a sufficient basis for the inclusion of these attachments in the administrative record. *See,* 19 U.S.C. § 1516a(b)(2)(A).

Plaintiff does not dispute that all but one of the attachments appears in the record, and with respect to the one which does not, makes the unsubstantiated statement that it "quite possibly was never made available toi [sic] the actual decision maker in this case." In short, plaintiff presents no real argument for the exclusion of the attachments to the second document in question from the record.

CONCLUSION

In accordance with 19 U.S.C. 1516a(b)(2)(A) and this Court's decision in *PPG Industries,* supra, Plaintiff's Motion to Preclude Expansion of the Administrative Record is denied with respect to the first document in question. As to the second document in question, Plaintiff's motion is affirmed with respect to the document itself, but denied with respect to the attachments to that document.